UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re METROCORP BANCSHARES, INC. ) <br> SHAREHOLDERS LITIGATION ) <br> ) | NO. 4:13-cv-03198 |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE TO SECURITIES HOLDERS, AND SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT

WHEREAS, Plaintiffs in this Action, Hsin-Hui Kuo and Michael Paganini ("Plaintiffs") and Defendants MetroCorp Bancshares, Inc. ("MetroCorp" or the "Company"), the members of MetroCorp's board of directors George M. Lee, Don J. Wang, Y. Ping Sun, Helen F. Chen, May P. Chu, Shirley Liu Clayton, John Lee, Charles L. Roff, David Tai, Joe Ting, Robert W. Hsueh, Krishnan Balasubramanian and Daniel B. Wright (the "Board"), and East West Bancorp, Inc. ("East West", and, together with Plaintiffs, MetroCorp, and the Board collectively, the "Settling Parties"), have entered into a Stipulation of Settlement that would settle all claims made in this Action (as defined below); and

WHEREAS, Plaintiffs have filed an uncontested application for preliminary approval of the proposed Settlement and for entry of an order and judgment in connection with the proposed Settlement and have attached to their application the July 18, 2014 Stipulation of Settlement and Exhibits (the Stipulation of Settlement and Exhibits shall collectively be referred to as the "Agreement");

IT IS HEREBY ORDERED, as follows:

1. To the extent not defined in this Order, this Court adopts and incorporates the definitions in the Agreement for purposes of this Order.

2.  Pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court preliminarily certifies this case (the "Action") as a non-opt-out class action for purposes of settlement only, on behalf of a Settlement Class consisting of Plaintiffs and any and all record holders and beneficial owners of any share(s) of MetroCorp at any time during the period beginning on and including September 18, 2013 through and including January 17, 2014 (the "Class Period"), including any and all of their respective successors-in-interest, predecessors, legal representatives, trustees, executors, administrators, heirs, assignees, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, but excluding MetroCorp, East West, George M. Lee, Don J. Wang, Y. Ping Sun, Helen F. Chen, May P. Chu, Shirley Liu Clayton, John Lee, Charles L. Roff, David Tai, Joe Ting, Robert W. Hsueh, Krishnan Balasubramanian, and Daniel B. Wright ("Defendants"), the officers and directors of MetroCorp, and, at all relevant times, the members of their immediate families, their legal representatives, heirs, successors, and assigns, and any entity in which Defendants have or had a majority interest (the "Settlement Class").

3.  Plaintiffs are provisionally appointed as class representatives, and the law firms of The Bilek Law Firm, L.L.P., Faruqi & Faruqi, LLP, and Brodsky & Smith, LLC (together "Plaintiffs' Counsel") are provisionally appointed as counsel for the Settlement Class.

4.  The Court preliminarily approves the Agreement and the proposed Settlement set forth therein and finds that the proposed Settlement as evidenced by the Agreement is sufficiently fair, reasonable and adequate to warrant providing notice of the Action and the proposed Agreement to the Settlement Class and holding a Fairness Hearing (as defined below) on the Agreement. In making this finding, the Court preliminarily concludes that the proposed Settlement appears to have resulted from negotiations conducted at arm's-length by the Settling

Parties and their counsel, and that the terms and conditions of the Agreement do not have any obvious deficiencies.

5. The Court preliminarily finds that the requirements of Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure have been met for settlement purposes:

    a. The members of the Settlement Class are so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Settlement Class, which predominate over any questions affecting only individual members;

    c. The claims or defenses of the Plaintiffs are typical of the claims or defenses of the Settlement Class, and the Plaintiffs have fairly and adequately protected the interest of the Settlement Class;

    d. The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class, which would establish incompatible standards of conduct for Defendants;

    e. Adjudications with respect to individual members of the Settlement Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

    f. Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

6. A hearing (the "Fairness Hearing") will be held on __October 30__, 2014, at __1:30__ __p__.m. CDT before The Honorable Judge Simeon Timothy Lake III, in the United States District Court for the Southern District of Texas, 515 Rusk Avenue, Houston, Texas, 77002, to, among other things:

    a. Determine whether, for settlement purposes only, the Court's preliminary certification of the Settlement Class pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure should be made final;

    b. Determine whether Plaintiffs may be designated as class representatives and Plaintiffs' Counsel may be designated as counsel to the Settlement Class;

    c. Determine whether the Court should grant final approval of the proposed Settlement on the terms and conditions provided for in the Agreement as fair, reasonable, and adequate and in the best interest of the members of the Settlement Class;

    d. Determine whether judgment should be entered pursuant to the Agreement, *inter alia*, dismissing the Action and the Released Securities Holder/Company Claims as to the Releasees with prejudice as against Plaintiffs and the Settlement Class, releasing the Released Securities Holder/Company Claims, and barring and enjoining prosecution of any and all Released Securities Holder/Company Claims;

    e. Consider the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses to be paid (if and only if awarded by the Court);

    f. Hear objections, if any, made to the Settlement or any of its terms; and

    g.  Hear and determine other matters relating to the proposed Settlement.

  7.  The Court may approve the Agreement (with or without any modifications executed by the Settling Parties) and enter the [Proposed] Order Approving Settlement and Judgment at or after the Fairness Hearing or any adjournment of the Fairness Hearing and dismiss the Complaint on its merits and with prejudice with or without further notice to any persons or entities other than the named parties to this Action.

  8.  The Court approves, in form and content, the Notice to All Persons and Entities Who Held or Beneficially Owned Common Stock of MetroCorp Bancshares, Inc. of Proposed Settlement of Shareholder Class Action and of Settlement Hearing (the "Notice") substantially in the form attached as Exhibit C to the Agreement, and finds that the form and mailing of the Notice, as set forth in paragraph 9 below, will fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and applicable law, is the best notice practicable, and shall constitute due and sufficient notice of the Settlement and Fairness Hearing and all other matters referred to in the Notice to all persons entitled to receive such Notice. At least ten (10) calendar days prior to the Fairness Hearing, Defendants' counsel shall file with the Court an appropriate affidavit or declaration with respect to the preparation and mailing of the Notice to the Settlement Class.

  9.  Within ten (10) business days following the entry of this Order, MetroCorp or its successor(s)-in-interest shall be responsible for the causing of the distribution of the Court-approved Notice to the members of the Settlement Class in the form and manner pursuant to this Order. It is contemplated by the parties that the Notice will be made using U.S. Postal Service, first class postage pre-paid for the Notice. MetroCorp or its successor(s)-in-interest shall be

responsible for payment of the printing and distribution costs of the Notice, and shall pay, or cause their respective insurers to pay, all reasonable costs and expenses in connection therewith.

10. The Company and East West are authorized to engage in communications with Securities Holders within the normal course of the Company's business.

11. Pending final determination by the Court whether the Agreement should be approved, this Court preliminarily bars and enjoins Plaintiffs, all other Securities Holders, and the Company (whether acting on its own behalf or by and through its shareholders, or any of them), or any of their respective representatives, trustees, successors, heirs, agents, and assignees, and anyone else purporting to act on behalf of or derivatively for any of the above from filing, commencing, prosecuting, intervening in, participating (as a nominal defendant or otherwise) or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding (as well as filing a complaint in intervention in these proceedings in which the person or entity filing such complaint in intervention purports to be acting on behalf of or derivatively for any of the above) or order as to Releasees in any jurisdiction or forum based on or relating to (i) the claims and causes of action, or the facts and circumstances thereto, asserted in this Action and/or (ii) any claims that will be released by the Agreement if the Court approves it; *provided however*, that nothing in the preliminary injunction granted by the Court shall bar any Releasee or the Company from asserting any defense or any claim against any non-Releasee in any pending or future judicial, administrative, regulatory, arbitration or other proceeding other than the Action.

12. Securities Holders who wish to object to the fairness, reasonableness or adequacy of the Agreement, to any term(s) of the Agreement, or to the proposed attorneys' fees and expenses award must both serve on the Settling Parties' counsel and file with the Court by no

later than fourteen (14) calendar days before the Fairness Hearing as scheduled in this Order, a statement of objection(s) as set forth in paragraph 17. The Securities Holder may object on his, her or its own, or through counsel hired at his, her or its own expense. The Securities Holder's statement of objection(s) should set out the specific reason(s), if any, for each objection, including any legal support the Securities Holder wishes to bring to the Court's attention and any evidence the Securities Holder wishes to introduce in support of such objection(s). The statement of objection must also include the following information about the Securities Holder or (if represented by counsel) about the attorney: (i) name, (ii) address, (iii) telephone number, (iv) e-mail address, if available, (v) proof of membership in the Class, (vi) a detailed statement of such person's specific objection to any matter before the Court, (vii) the grounds for such objections and reasons for such person's desiring to appear and be heard, as well as all documents and writing such person desires this Court to consider, and (viii) a list of all other class action matters that the objector or and/or the objector's counsel has objected to in the last three years identifying by case name, docket number and court in which the prior objections were filed.

13. Any attorney hired by a Securities Holder for the purpose of objecting pursuant to paragraph 12 must both serve on the Settling Parties' counsel and file with the Court by no later than fourteen (14) calendar days before the Fairness Hearing as scheduled in this Order, a notice of appearance as set forth in paragraph 17.

14. Securities Holders do not need to appear at the hearing or take any action to indicate their approval of the Agreement. However, any Securities Holder who files and serves a timely written objection pursuant to paragraph 12 – and only such Securities Holders – may appear at the Fairness Hearing either in person or through personal counsel pursuant to paragraph

13 retained at his, her or its own expense. Such Securities Holders who intend to make an appearance at the Fairness Hearing must serve on the Settling Parties' counsel and file with the Court by no later than fourteen (14) calendar days before the Fairness Hearing as scheduled in this Order, an intention to appear as set forth in paragraph 17.

15. Any Securities Holder that fails to comply with the requirements of paragraphs 12 through 14 of this Order shall waive and forfeit any and all rights he, she or it may have to object and/or to appear separately at the Fairness Hearing. Securities Holders do not need to appear at the hearing or take any other action to indicate their approval of the Agreement.

16. Any Securities Holder that submits an objection to the Agreement shall be deemed to consent to the exclusive jurisdiction of this Court with respect to such objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

17. Any Securities Holder or attorney wishing to make a submission pursuant to paragraphs 12 through 14 of this Order must serve such submission on the Settling Parties' counsel and file it with the Court as follows:

    a.    the submission must be filed with the Clerk of the United States District Court for the Southern District of Texas at 515 Rusk Avenue, Houston, Texas, 77002, and

    b.    the submission must be served by U.S. Postal Service, first class postage pre-paid or next day (excluding Saturday or Sunday) express delivery service upon each of the following counsel:

*Attorneys for Plaintiff Hsin-Hui Kuo*:

Thomas E. Bilek
The Bilek Law Firm, L.L.P.
700 Louisiana, Suite 3950
Houston, TX  77002

Juan E. Monteverde
Faruqi & Faruqi, LLP
369 Lexington Ave., Tenth Floor
New York, NY  10017

*Attorneys for Plaintiff Michael Paganini*:

Marc L. Ackerman
Brodsky & Smith, LLC
Two Bala Plaza, Suite 510
Bala Cynwyd, PA  19004

*Attorneys for MetroCorp Bancshares, Inc., George M. Lee, Don J. Wang, Y. Ping Sun, Helen F. Chen, May P. Chu, Shirley Liu Clayton, John Lee, Charles L. Roff, David Tai, Joe Ting, Robert W. Hsueh, Krishnan Balasubramanian, and Daniel B. Wright*:

Tony L. Visage
J. Erick Sandlin
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX  77002

*Attorneys for East West Bancorp, Inc.*:

Bruce B. Kelson
Manatt, Phelps & Phillips, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA  94111

18.  Counsel for the Settling Parties are directed promptly to inform each other of any submission served on them (or that otherwise comes into their possession) pursuant to paragraphs 12 through 14 of this Order.

19. The Settling Parties shall file with the Court (and serve on each other) any papers they wish to submit in support of the proposed Settlement (including in opposition to any objections filed by Securities Holders) by no later than ten (10) calendar days before the Fairness Hearing as scheduled in this Order.

20. This Order shall become null and void, except for MetroCorp's obligation to pay for expenses incurred in connection with the Notice and administration thereof provided by this Order, and shall be without prejudice to the rights of the parties in this Action, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order if (i) the Agreement is not finally approved by the Court, or does not become Final, or (ii) the Agreement is terminated or does not become effective in accordance with its terms or for any reason. In such event, (i) all provisions of the Agreement other than its termination provisions shall become null and void and be of no further force or effect, (ii) neither the Agreement (other than its termination provisions) nor any Court order regarding the Agreement, including this Order, shall be used or referred to for any purpose whatsoever and (iii) none of the Agreement, this Order, the negotiation of the Agreement and statements or court proceedings relating to the Agreement shall in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, any other action, or any other judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this provision of this Order. Without limiting the foregoing, neither the Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity including, but not limited to, the Company, East West and the Individual Defendants, as a waiver by the Company, East West or the Individual Defendants of any

applicable defense, or as a waiver by Plaintiffs or the Company of any claims, causes of action or remedies.

21. Subject to the dispute resolution provisions found at Section III.D of the Agreement, this Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement, including a determination whether the proposed Settlement should be approved as fair, reasonable and adequate and in the best interest of the Company and its shareholders and to enter an order so finding.

So ordered this **22nd** day of **July**, 2014.

_____
SIMEON TIMOTHY LAKE, III