UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
IN RE: METROCORP BANCSHARES, INC.   :    No. 4:13-cv-03198
SHAREHOLDERS LITIGATION   :
  :
------------------------------------------------------------ x

## [PROPOSED] ORDER APPROVING SETTLEMENT AND JUDGMENT

WHEREAS, the Plaintiffs in this Action, Hsin-Hui Kuo and Michael Paganini ("Plaintiffs") and Defendants MetroCorp Bancshares, Inc. ("MetroCorp" or the "Company"), the members of MetroCorp's board of directors George M. Lee, Don J. Wang, Y. Ping Sun, Helen F. Chen, May P. Chu, Shirley Liu Clayton, John Lee, Charles L. Roff, David Tai, Joe Ting, Robert W. Hsueh, Krishnan Balasubramanian and Daniel B. Wright (the "Board"), and East West Bancorp, Inc. ("East West", and, together with Plaintiffs, MetroCorp, and the Board collectively, the "Settling Parties"), have entered into a Stipulation of Settlement (together with the exhibits attached thereto, the "Agreement") entered into on July 18, 2014 and filed with the Court on July 18, 2014; and

WHEREAS, on July 22, 2014, the Court entered an Order Preliminarily Approving Settlement, Directing Notice to Securities Holders, and Setting Hearing for Final Approval of Settlement (the "Preliminary Approval Order") in which the Court ordered, among other things, that (i) notice be provided to Securities Holders, (ii) a Fairness Hearing (as defined in the Preliminary Approval Order, the "Fairness Hearing") be scheduled for October 30, 2014 and (iii) Securities Holders be provided with an opportunity to object to the proposed settlement and to appear at the Fairness Hearing; and

WHEREAS, the Court has reviewed the papers filed in support of the settlement and no opposition or objection from class members has been filed.

NOW THEREFORE, based on the submissions of the Settling Parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. ***Incorporation of Agreement*** – To the extent not defined in this Order Approving Settlement and Judgment (the "Order and Judgment"), this Court adopts and incorporates the definitions in the Agreement.

2. This Order and Judgment incorporates and makes a part hereof:

   a. The Agreement and

   b. Exhibits A through D to the Agreement.

3. ***Jurisdiction*** – The Court has personal jurisdiction over all affected former Securities Holders of the Company and has subject matter jurisdiction over this Action, including jurisdiction to, among other things, approve the Settlement and dismiss the Action with prejudice.

4. ***Adequacy of Plaintiffs*** – Plaintiffs have held stock in MetroCorp since the commencement of the Action and through the consummation of the transaction with East West and otherwise have standing to prosecute this Action on behalf the Securities Holders.

5. ***Adequacy of Plaintiffs and Respective Counsel*** – Plaintiffs and their respective counsel Faruqi & Faruqi, LLP, The Bilek Law Firm, L.L.P. and Brodsky & Smith, LLC ("Plaintiffs' Counsel") have fully and adequately represented Securities Holders for purposes of entering into and implementing the Agreement and the proposed Settlement. Plaintiffs are appointed as the class representatives and Plaintiff's Counsel are appointed as counsel for the Securities Holders.

6. ***Certification of Class*** – The Court hereby certifies for settlement purposes only, pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, a class

(the "Settlement Class") consisting of any and all record holders and beneficial owners of any share(s) of MetroCorp at any time during the period beginning on and including September 18, 2013 through and including January 17, 2014, including any and all of their respective successors-in-interest, predecessors, legal representatives, trustees, executors, administrators, heirs, assignees, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, but excluding MetroCorp, East West, George M. Lee, Don J. Wang, Y. Ping Sun, Helen F. Chen, May P. Chu, Shirley Liu Clayton, John Lee, Charles L. Roff, David Tai, Joe Ting, Robert W. Hsueh, Krishnan Balasubramanian, and Daniel B. Wright, the officers and directors of MetroCorp, and, at all relevant times, the members of their immediate families, their legal representatives, heirs, successors, and assigns, and any entity in which Defendants have or had a majority interest.

7. **Class Action is Appropriate** -- The Court finds that the requirements of Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure have been met for settlement purposes:

    a. The members of the Settlement Class are so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Settlement Class, which predominate over any questions affecting only individual members;

    c. The claims or defenses of the Plaintiffs are typical of the claims or defenses of the Settlement Class, and the Plaintiffs have fairly and adequately protected the interest of the Settlement Class;

      d.      The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class, which would establish incompatible standards of conduct for Defendants;

      e.      Adjudications with respect to individual members of the Settlement Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

      f.      Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

8.    ***Proof of Notice*** – The Settling Parties filed with the Court adequate proof regarding the distribution of the Notice materially consistent with directives in the Preliminary Approval Order.

9.    ***Notice to Securities Holders*** – The mailing of the Notice to All Persons and Entities Who Held or Beneficially Owned Common Stock of MetroCorp Bancshares, Inc. of Proposed Settlement of Shareholder Class Action and of Settlement Hearing (the "Notice") pursuant to and in the manner prescribed in the Preliminary Approval Order is hereby determined to be the best notice practicable under the circumstances and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and applicable law. It is further determined that all members of the Securities Holders are bound by the Order

and Final Judgment herein.

10. **_Final Settlement Approval_** – The terms and provisions of the Agreement have been entered into in good faith. The terms and provisions of the Agreement are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Securities Holders, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Local Rules of the Court and any other applicable law).

11. **_Implementation of the Agreement_** – The Settling Parties and their counsel are directed to implement and consummate the Agreement according to its terms and conditions.

12. **_Binding Effect_** – The Agreement and this Order and Judgment shall be forever binding on the Releasors and Releasees as to all claims and issues that have been, could have been, or could be raised in the Action. As to all such claims and issues, the Order and Judgment have res judicata and other preclusive effect in all pending and future lawsuits or other proceedings maintained by or behalf of the Securities Holders.

13. **_Termination of the Agreement_** – In the event the Agreement is terminated as provided under its terms, all terms and conditions set out in the Agreement other than those in Section IV.C.4 and IX.F.2 through IX.F.10 shall become null and void and of no further force and effect. In such event, the Agreement shall not be used or referred to for any purpose whatsoever in this or any proceeding (other than to enforce the sections mentioned above), and all negotiations and proceedings relating to the Agreement shall be deemed to be withdrawn without prejudice as to the rights of each of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before the Execution Date, except with respect to the payment of Notice and Administrative Expenses as described in Section III.C of the

Agreement.

14. **_Release_** – The Releases as set forth in Section III.E of the Agreement and its relevant definitions (a copy of which is attached as Appendix A to this Order and Judgment) is expressly incorporated herein in all respects. The Release shall be effective as of the Final Settlement Date. The Settling Parties agree and acknowledge that the provisions of the Releases together constitute an essential term of the Agreement.

15. **_Permanent Injunction_** – The Court hereby permanently bars and enjoins Plaintiffs, all other Securities Holders and the Company (whether acting on its own behalf or by and through its shareholders, or any of them), or any of their respective representatives, trustees, successors, heirs, agents and assignees, and anyone else purporting to act on behalf of or derivatively for any of the above from filing, commencing, prosecuting, intervening in, participating (as a nominal defendant or otherwise) or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding (as well as filing a complaint in intervention in these proceedings in which the person or entity filing such complaint in intervention purports to be acting on behalf of or derivatively for any of the above) or order as to Releasees in any jurisdiction or forum based on or relating to (i) the claims and causes of action, or the facts and circumstances thereto, asserted in this Action and/or (ii) any claims that have been released in the Agreement.

16. **_Complete Bar Order_** – The Court finds that the Agreement represents a good faith settlement of all Released Securities Holder/Company Claims sufficient to discharge the Releasees of all Released Securities Holder/Company Claims of all Releasors. In order to effectuate such settlement, the Court hereby enters the following bar:

     a. Any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Releasee arising under state, federal or common law, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract, breach of fiduciary duty or misrepresentation) where the alleged injury of the person or entity is that person's or entity's alleged liability to the Company, where such claim is based upon, arises out of, or relates to any Released Securities Holder/Company Claim belonging to the Company, including, without limitation any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences that are alleged in the Complaint, whether such claim is legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, including, without limitation, any claim in which a person or entity seeks to recover from any of the Releasees (i) any amounts such person or entity may become liable to pay to the Company and/or (ii) any costs, expenses or attorneys' fees from defending any claim by the Company. All such claims are hereby extinguished, discharged, satisfied and unenforceable. For the avoidance of doubt, the provisions of this paragraph 16.a are intended to preclude any liability on the part of any of the Releasees to any person or entity for indemnification, contribution or otherwise respecting any claim based upon, arising out of, or relating to any Released Securities Holder/Company Claim belonging to the Company where the alleged injury or damage to such person or entity is that person's or entity's alleged liability to the Company, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences that are alleged in the Complaint; provided that, with respect to any judgment against any person or entity on behalf of the Company or a shareholder bringing a claim derivatively on behalf of the Company based upon, arising out of, or relating to any

Released Securities Holder/Company Claim, including, without limitation, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences that are alleged in the Complaint, that person or entity shall be entitled to a credit of an amount that corresponds to the percentage of responsibility of the Releasee for the loss to the Company. If any provision of this paragraph 16.a is subsequently held to be unenforceable, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any claim that arises out of or relates to any Released Securities Holder/Company Claim belonging to the Company, including, without limitation, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences that are alleged in the Complaint.

        b.      Each and every Releasee is permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any person or entity (including any other Releasee) arising under state, federal or common law, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract, breach of fiduciary duty or misrepresentation), where the alleged injury or damage to the Releasee is the Releasee's alleged liability to the Company, where such claim is based upon, arises out of, or relates to any Released Securities Holder/Company Claim belonging to the Company, including, without limitation, any claim that is based upon, arises out of, or relates to the Action, or the transactions and occurrences alleged in the Complaint, whether such claim is legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, including, without limitation, any claim in which the Releasee seeks to recover from any person or entity, including another Releasee, (i) any amounts such Releasee has or may become liable to pay to the Company and/or (ii) any costs, expenses or

attorneys' fees from defending any claim by the Company. All such claims are hereby extinguished, discharged, satisfied and unenforceable. However, notwithstanding anything stated in this Complete Bar Order or in the Agreement, if any person or entity commences against any Releasee any action asserting a claim that is based upon, arises out of, or relates to any Released Securities Holder/Company Claim belonging to the Company, including, without limitation, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences alleged in the Complaint, and if such claim is not barred by a court pursuant to paragraph 16.a of this Order and Judgment or is otherwise not barred the Complete Bar Order, neither the Complete Bar Order nor the Agreement shall bar claims by that Releasee against such person or entity.

      c.    Notwithstanding the Complete Bar Order or any other provision of this Order and Judgment, each Releasee shall be deemed to have, and by operation of this Order and Judgment, shall have fully, finally and forever released, relinquished and discharged each and all of the Plaintiffs, Plaintiffs' Counsel, Company Counsel, East West Counsel, Individual Defendants' Counsel, MetroCorp, East West and the Securities Holders from all Claims arising out of, relating to or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Securities Holder/Company Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the term of the Agreement or this Order and Judgment.

      17.    ***Reservation of Certain Rights*** – Notwithstanding the permanent injunction or complete bar set out in paragraphs 15 and 16, respectively, of this Order and Judgment, neither the Releasees nor the Company shall be barred from asserting any defense or any claim against any non-Releasee in any pending or future judicial, administrative, regulatory, arbitration or

other proceeding other than the Action.

18. *No Admissions* – None of the Agreement, this Order and Judgment, any of the provisions of the Agreement, the negotiation of the Agreement, the statements or court proceedings relating to the Agreement, any document referred to in this Order and Judgment, any action taken to carry out this Order and Judgment, or any prior orders in this Action shall be (i) construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, any other action, or any judicial, administrative, regulatory or other proceeding or (ii) construed as, offered as, received as, used as or deemed to be evidence of an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, without limitation, the Company, East West and the individual defendants or other Releasees provided however, that this Order and Judgment and the Agreement may be used as evidence of the terms of the Agreement or to enforce the provisions of this Order and Judgment or the Agreement; provided further that this Order and Judgment and the Agreement may be filed in any action against or by the Company or other Releasees to support a defense of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

19. *Enforcement of Settlement* – Nothing in this Order and Judgment shall preclude any action to enforce the terms of the Agreement.

20. *Attorneys' Fees and Expenses Award* – Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the amount of $425,000 in connection with the Action, which amount the Court finds to be fair, reasonable, and adequate. Such attorneys' fees and expenses shall be paid by MetroCorp (or its successor(s) and/or insurer(s)) pursuant to the relevant

provisions of the Agreement. No counsel representing any plaintiff or member of the Securities Holders in the Actions shall make any further or additional application for fees and/or expenses to the Court or any other court.

21. ***No Other Payments*** – Paragraph 20 of this Order and Judgment covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Plaintiffs' counsel or by any other counsel of record representing Securities Holders in this Action.

22. ***Modification of Agreement*** – The Settling Parties are hereby authorized, without further notice to or approval by the Court, to agree to and adopt such amendments, modifications and expansions of the Agreement and its implementing documents (including all exhibits to the Agreement) that are not materially inconsistent with this Order and Judgment and do not limit the rights of Plaintiffs, any other Securities Holders, the Company, Individual Defendants or any other Releasees under the Agreement.

23. ***Retention of Jurisdiction*** – The Court has jurisdiction to enter this Order and Judgment. Without in any way affecting the finality of this Order and Judgment and subject to any dispute resolution provisions found in the Agreement, this Court expressly retains exclusive and continuing jurisdiction over the Agreement, the Settling Parties, all Securities Holders and all Releasees to adjudicate all issues relating to this Agreement, including, without limitation, any issues relating to this Order and Judgment; provided however, that nothing in this paragraph 23 shall restrict the ability of the Settling Parties to exercise their rights under paragraph 22. Any action arising under or to enforce this Agreement or this Order and Judgment shall be commenced and maintained only in this Court.

24. ***Dismissal of Action*** – This Action is hereby dismissed on the merits and with

prejudice as to all defendants, without fees or costs to any party except as otherwise provided in this Order and Judgment and in the Agreement.

So ordered this **23rd** day of **October**, 2014.

_____
THE HONORABLE SIMEON TIMOTHY LAKE, III